## Exum v. Ballard.

(Decided February 10, 1925.)

### Appeal from Fayette Circuit Court.

Appeal and Error—Finding of Chancellor Not Disturbed where Evidence Conflicting.—In action by purchaser to quiet title to land against claim of lien, where evidence as to notice of claim before purchase is conflicting, judgment of chancellor will not be disturbed.

W. P. KIMBALL for appellant.

FARMER & FARMER for appellee.

Opinion of the Court by Commissioner Hobson—Affirming.

John Ballard brought this action January 13, 1919, against C. F. Exum, alleging in his petition that he was the owner and in the possession of a certain tract of land and that Exum was setting up a claim to a one-half interest in the land adverse to him, when he had no claim or interest in the land. The defendant, Exum, by his answer alleged that on January 22, 1908, Jesse Griffith entered into a contract with him, as his attorney, in writing, in which he employed him to prosecute a suit for the

recovery of the land in the Fayette circuit court and agreed to pay him for his services a sum equal to one-half the value of the land; that on January 17, 1910, he obtained a judgment in that action in favor of Griffith for the land, but by some inadvertence the judgment was not placed on the order book until December 21, 1918, when it was entered now for then. He averred that the land was of value $1,600.00, and that he had a lien on it for his fee as attorney for $800.00. The allegations of the answer were denied by a reply and it was pleaded that Ballard had bought the property from Griffith without notice of Exum's claim. On final hearing the circuit court granted Ballard the relief prayed. Exum appeals.

The proof shows that Griffith conveyed the land to Ballard on March 6, 1915, in consideration of $500.00 then paid him by Ballard. The proof for Ballard is to the effect that he made the purchase without any notice of Exum's claim. While there is some testimony in the record that Ballard knew of Exum's claim on the land, the testimony is not clear as to whether this notice existed before Ballard bought and paid for the land. He did learn of the claim not long after he bought. This is admitted. On questions of this sort this court does not disturb the finding of the chancellor where on the whole record the mind is left in doubt as to the truth and under this rule the judgment of the chancellor in favor of Ballard can not be disturbed.

The fact is no *lis pendens* notice, as provided by the statute, is shown. The record of the case referred to is not copied in the transcript, but from what is alleged and shown, no step had been taken in that case since January 17, 1910, and more than five years had elapsed when Ballard bought. No judgment had been entered in the action. These facts go far to sustain Ballard's positive testimony that he bought without notice of Exum's claim.

Judgment affirmed.